UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CARLOS RAMON CRUZ,

       Petitioner,

v.                1:05-CR-338 (LEK)

 UNITED STATES OF AMERICA,

       Respondent.
_____

## **DECISION and ORDER**

   On December 1, 2005, Petitioner Carlos Ramon Cruz ("Petitioner" or "Cruz") pled guilty to a one-count indictment charging him with reentry after deportation following an earlier conviction for an aggravated felony offense in violation of 8 U.S.C. §§ 1326(a), (b)(2). Dkt. No. 8. Presently before the Court is Petitioner's Motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Mot. (Dkt. No. 25). For the reasons that follow, Petitioner's Motion is denied.

**I. BACKGROUND**

   Petitioner was indicted on July 21, 2005. Dkt. No. 1. After Petitioner pled guilty on December 1, 2005, the Court sentenced him on May 3, 2006 to 82 months imprisonment (the sentence to run concurrently to any state sentence being served) as well as three years supervised release, special conditions and a special assessment. Dkt. No. 13. The Court entered judgment on May 12, 2006. Dkt. No. 14. Petitioner filed a Notice of Appeal on May 18, 2006. Dkt. No. 15. On February 29, 2008, the United States Court of Appeals for the Second Circuit affirmed the judgment of this Court. Dkt. No. 24; <u>United States v. Cruz</u>, 262 Fed. Appx. 357 (2d Cir. 2008). In its Summary Order affirming this Court's judgment, the Second Circuit noted that Petitioner's grounds

1

for appeal included the argument that his sentence was unreasonable because this Court had "failed to grant a downward departure from the sentencing Guidelines to account for the sentencing disparity created by the failure of Congress to provide for a 'fast-track' program[1] in the Northern District of New York[.]" Cruz, 262 Fed. Appx. at 358. The Second Circuit held that Petitioner's argument was foreclosed by United States v. Mejia, 461 F.3d 158 (2d Cir. 2006). Id.

Petitioner filed the instant Motion on January 29, 2009. Dkt. No. 25. After the Court granted an extension for the Government's response deadline, the Government filed its Response on June 23, 2009. Dkt. No. 30. The Petitioner filed a Reply on July 13, 2009. Dkt. No. 32.

## II.   DISCUSSION

### A.   Petitioner's Claims

Petitioner asserts two related grounds for relief. In Ground One of his Motion, Petitioner asserts that "[t]he District Court & Government committed reversible error knowing that Cruz's counsel was clearly ineffective for failing to develop the argument that the government & court failed to offer Cruz the option of a 'Fast Track Program' plea at sentencing to avoid [an] unwarranted sentencing disparity." Mot. at 5. Petitioner further argues that the "evidence of the 'Fast Tract Program' option is material to either guilt or punishment" of Petitioner's sentence, and that the "suppression by the prosecution" of such evidence violates Brady v. Maryland, 373 U.S. 83 (1963). Mot. at 5.

---

[1] Fast-track programs, first developed in the Southern District of California, allow defendants charged with illegal reentry under 8 U.S.C. § 1326 to plead guilty and waive certain rights, such as pre-trial motions and appellate or collateral review, in exchange for a lower sentence. See United States v. Mejia, 461 F.3d 158, 160-61 (2d Cir. 2006). "In 2003, Congress expressly approved such programs in section 401(m)(B) of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act")[.]" Id. at 160. There is no fast-track program in the Northern District of New York or any other districts within the Second Circuit.

In Ground Two of his Motion, Petitioner argues that "[t]he Sentencing Court and government committed reversible error by precluding the option of the 'Fast Track Program' . . . at sentencing to avoid [an] unwarranted sentencing disparity/Constitutional violations." Id.  Petitioner argues that the sentencing Court's failure to consider the absence of a fast-track program in this District constituted procedural error because the absence of such a program led to an unwarranted sentencing disparity pursuant to 18 U.S.C. § 3553(a)(6).[2]  See Mem. in Supp. at 8-14 (Dkt. No. 25, Attach. 1).  Petitioner further argues that his sentence was substantively unreasonable. Id. at 10-11.[3]

**B.     Analysis**

Petitioner cannot show that his counsel provided ineffective assistance for failing to further develop an argument regarding the sentencing disparity due to lack of a fast-track program in this District.  In his sentencing memorandum, Petitioner's counsel raised the exact argument asserted by Petitioner in his Motion–that a downward departure was appropriate to avoid an "unwarranted sentencing disparity" under 18 U.S.C. § 3553(a), because Petitioner's sentence might have been different had he been discovered and prosecuted in a district that utilizes a fast-track program.  See Def. Sentencing Mem. at 9-13 (Dkt. No. 30, Attach. 3).   The sentencing memorandum addressed

---

[2] Pursuant to 18 U.S.C. § 3553(a)(6), the facts a court must consider at sentencing include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"

[3] The Government argues that "petitioner is raising a claim that has already been decided on direct review," and that accordingly he should be precluded from raising that claim before this Court.  Response at 2 (Dkt. No. 30).  "A § 2255 motion may not relitigate issues that were raised and considered on direct appeal."  United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) (citing Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995)).  It appears that Ground Two of Petitioner's Motion is an attempt to relitigate a claim that the Second Circuit has already considered and rejected in Petitioner's direct appeal.  Yet even assuming that Petitioner is not attempting to relitigate the precise issue he raised on appeal, Petitioner's Motion must be denied on the merits, as explained below.

the issue in detail.  See id.  Accordingly, Petitioner's claim for ineffective assistance of counsel is without merit.  See Holbdy v. United States, No. 5:05-CV-1406, 2008 WL 2704912, at *6 (N.D.N.Y. July 8, 2008) ("Petitioner next claims that . . . counsel rendered ineffective assistance when he failed to argue that one offense was impermissibly 'double counted' against [him] for sentencing purposes.  However, because counsel raised this precise argument in his sentencing memorandum, this claim is without substance.") (internal citations omitted).

      Moreover, even if Petitioner's counsel had failed to fully address this argument, Petitioner's claims would still lack merit in light of Mejia.  In Mejia, the Second Circuit held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable."  461 F.3d 158 at 164 (citations omitted); see United States v. Pereira, 465 F.3d 515, 523 (2d Cir. 2006) (citing Mejia and noting that "[a]ccordingly, the fact that the district court did not address disparity arising from fast-track programs–assuming arguendo that the silence in the record means that the district court did not consider it, and that the failure to do so was error–did not render Pereira's sentence unreasonable.").  The Mejia court noted that "Congress expressly approved of fast-track programs without mandating them; Congress thus necessarily decided that they do not create the unwarranted sentencing disparities that it prohibited in Section 3553(a)(6)."  461 F.3d at 163.  Accordingly, Petitioner's argument as to the unreasonableness of his sentence is without merit.  Moreover, Petitioner cannot establish with any reasonable probability that the outcome of the proceeding would have been different had his counsel further developed the fast-track argument.  See Espinal-Martinez v. United States, 499 F. Supp. 2d 213, 216-17 (N.D.N.Y. 2007) (Kahn, J.).  Petitioner similarly cannot establish a Brady violation, as he cannot demonstrate that had evidence of the sentencing disparities between districts with and without fast-track

programs "been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

Petitioner's reliance upon Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007) is without merit. In Kimbrough, the Supreme Court held, *inter alia*, that under United States v. Booker, 543 U.S. 220 (2005), the federal sentencing Guidelines ("Guidelines") for cocaine-related offenses are advisory, and that a district judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine when determining whether a sentence within the Guidelines range would be longer than necessary under 18 U.S.C. § 3553(a). 128 S. Ct. at 564, 569-75. Petitioner argues that Kimbrough "has wider implications" affecting other cases, including the disparity in sentencing outcomes in districts with fast-track programs compared to districts without such programs. Mem. in Supp. at 11.

After Kimbrough, "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses." United States v. Cavera, 550 F.3d 180, 191 (2d Cir. 2008) (citing Kimbrough, 128 S. Ct. at 574-75). However, such discretion does not require the Court to adjust Petitioner's sentence to account for the lack of a fast-track program in this District. In United States v. Hendry, 522 F.3d 239 (2d Cir. 2008) (per curiam), decided after Kimbrough, the Court cited Mejia and held that the sentencing judge did not abuse his discretion by not departing from the guidelines due to the disparity created by the absence of a fast-track program. Hendry, 522 F.3d at 241-42; cf. United States v. Mejia-Zapata, No. 08-2471-cr, 2009 WL 1635926, at *2 (2d Cir. June 11, 2009) (summary order) (rejecting appellant's argument that, in light of Kimbrough, district court's refusal to adjust sentence downward due to lack of a fast-track program rendered the

sentence procedurally unreasonable).[4]

The Court noted at sentencing that it had considered all the pertinent information, including, *inter alia*, submissions by counsel.  Sentencing Tr. at 18 (Dkt. No. 30, Attach. 2).  The Court acted within its discretion when it determined that Petitioner's argument as to the fast-track disparity was without merit.  Accordingly, Petitioner's Motion is denied.

---

[4] In his memorandum, Petitioner also relies upon United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008), a recent First Circuit case in which the court held that, in light of Kimbrough, the district court committed procedural error by failing to consider the appellant's argument that his sentence should be reduced to account for the lack of a fast-track program in the District of Puerto Rico.  527 F.3d at 231.  However, this Court is bound by the rulings of the Second Circuit, and as explained above, Petitioner's claims lack merit pursuant to Mejia and Hendry.  Moreover, the court in Rodriguez noted that its holding "is carefully circumscribed; although sentencing courts can consider items such as fast-track disparity, they are not obligated to deviate from the guidelines based on those items."  Id.  Here, as noted above, Petitioner's counsel raised an argument regarding the fast-track disparity in his sentencing memorandum, and the Court considered the argument but found it to be without merit.  Therefore, even if this Court were bound by Rodriguez, the Court would not be required to grant Petitioner the relief sought.

**III.    CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED**, that Petitioner's Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED**, that the case is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     August 25, 2009
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge